IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


B.K., by and through his                           3:11-cv-278-JE
parents, ROBERT KELLER and
CYNTHIA MOHIUDDIN, and ROBERT              OPINION AND ORDER
KELLER and CYNTHIA MOHIUDDIN
individually,

          Plaintiffs,

v.

LAKE OSWEGO SCHOOL DISTRICT,
an Oregon School District, and
RICHARD COHN-LEE, AND ANDREA
HUNGERFORD, individually,

          Defendants.

KEVIN C. BRAGUE
The Brague Law Firm
12972 S.W. Tearose Way
Tigard, OR 97223
(503) 352-4664

///

///

///


1  - OPINION AND ORDER

MANDY G. LEIGH
JAY T. JAMBECK
Leigh Law Group
870 Market Street, Ste 1161
San Francisco, CA 94102
(415) 399-9155

        Attorneys for Plaintiffs

RICHARD G. COHN-LEE
The Hungerford Law Firm
P.O. Box 3010
Oregon City, OR 97045

        Attorney for Defendant Lake Oswego
        School District

PETER R. MERSEREAU
Mersereau and Shannon, LLP
1 S.W. Columbia St., Ste. 1600
Portland, OR 97258

        Attorney for Defendants Richard
        Cohn-Lee and Andrea Hungerford

MARSH, Judge

    Magistrate Judge John Jelderks filed his Findings and
Recommendation on October 24, 2011.  The matter is now before me
pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

    When a party objects to any portion of the Magistrate's
Findings and Recommendation, the district court must make a *de novo*
determination of that portion of the Magistrate's report.  See 28
U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore
Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981); accord
Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States
v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

///

2  - OPINION AND ORDER

Plaintiffs have timely filed objections.  Therefore, I have given the file of this case a *de novo* review.  I ADOPT the Findings and Recommendation (#37), as modified below.[1]

## **BACKGROUND**

Plaintiffs Robert Keller and Cynthia Mohiuddin bring this action individually, and on behalf of their son, B.K., alleging that the Lake Oswego School District (LOSD) failed to comply with procedural and substantive requirements of the Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. § 1400 *et seq.*; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  The overarching issue is whether LOSD and/or its attorneys violated the above statutes during the course of administrative proceedings that led to LOSD's decision that B.K.'s behavior was not a manifestation of a disability within the meaning of the IDEA (resulting in B.K.'s expulsion from public school). Plaintiffs allege that, rather than comply with the law, defendants took retaliatory and discriminatory actions against plaintiffs.

///

---

[1] When a party does not object to portions of the Magistrate's Findings and Recommendation, this court is relieved of its obligation to review the record *de novo* as to those portions of the Findings and Recommendation.  Reyna-Tapia, 328 F.3d at 1121; see also United States v. Bernhardt, 840 F.2d 1441, 1444 (9th Cir. 1988).  Having reviewed the legal principles *de novo* as to those portions of the Findings and Recommendation to which plaintiffs do not object, the Court does not find any error.

<u>**DISCUSSION**</u>

I.   <u>**Defendants Cohn-Lee and Hungerford's Motion to Dismiss**</u>

    **A.   Background.**

Defendant Attorneys Cohn-Lee and Hungerford represented LOSD during the course of the administrative proceedings.   In Claims II and IV, plaintiffs allege that Cohn-Lee and Hungerford retaliated, coerced, intimidated and interfered with plaintiffs' rights to participate in Individualized Education Program (IEP) meetings and the decision-making process.   Defendant Attorneys moved under Fed. R. Civ. P. 12(b)(6) to dismiss the claims against them on the basis that (1) there is no individual liability for retaliation under either the ADA, Section 504 of the Rehabilitation Act, or the IDEA; and (2) an attorney-client litigation privilege and/or a common law immunity shield them from liability.

Judge Jelderks discussed, but did not decide, whether individual liability for retaliation exists under the ADA, Rehabilitation Act, and the IDEA.   Instead, Judge Jelderks concluded that public policy warrants "an extension of the federal common law concept of immunity to this specific situation."   F & R at 28.   Plaintiffs object to this recommendation, arguing that individual liability under the ADA exists for retaliation in the provision of public services; and there is no authority to support a "federal common law litigation privilege."

///

4  - OPINION AND ORDER

I decline to adopt Judge Jelderks' extension of a common law immunity or state privilege based upon public policy. See Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996) (holding that state litigation privilege does not bar civil rights claims based on federal law, and that there is no common law immunity to shield non-governmental attorneys); Pardi v. Kaiser Foundation Hosp., 389 F.3d 840, 851 (9th Cir. 2004) (applying Kimes to ADA context); see also Steffes v. Stepan Co., 144 F.3d 1070, 1074-75 (7th Cir. 1998) (same). However, because I conclude that the ADA, Rehabilitation Act, and the IDEA do not create individual liability for retaliatory conduct in the public services context, I adopt Judge Jelderks' recommendation that defendants Cohn-Lee and Hungerford's motion to dismiss be granted.

### B.    Statutory Analysis.

Section 12203(a) of the ADA provides that "[n]o *person* shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." The remedial portion of the statute (§ 12203(c)), provides that the remedies and procedures available under Subchapter I (employment discrimination), Subchapter II (public services), and Subchapter III (public accommodations) of the ADA shall be available to aggrieved persons for violations of § 12203(a).

Relying primarily on the reasoning in Shotz v. City of Plantation, Fla., 344 F.3d 1161 (11th Cir. 2003), plaintiffs argue

that an individual may be sued, in his or her personal capacity, for a violation of § 12203(a).  Many courts have grappled with the difficult question of whether an individual may be held personally liable under § 12203(a) for retaliatory conduct in the public services context.  The issue involves a multi-layered analysis that begins by looking at the remedial provision of § 12203(c), which, in turn, incorporates the remedial provisions of Subchapters I, II, or III (depending upon whether the retaliation arose in the employment, public services, or public accommodation context).  In the public services context, Title II incorporates the remedies provided in the Rehabilitation Act (29 U.S.C. § 794a) which, in turns, incorporates remedial provisions of the Civil Rights Act of 1964 (42 U.S.C. § 2000e), none of which provides remedies recoverable from a private individual in his personal capacity. See Shotz, 344 F.3d at 1169-70 & n.10.

In deciding whether this web of statutes creates individual liability for retaliation in the public services context, I agree with the lengthy statutory analysis done by the district court in N.T. v. Espanola Public Schools, 2005 WL 5840479 *10-*14 (D.N.M. May 20, 2005).  In that case, the district court concluded that, despite the use of the term "person" in § 12203(a), a cause of action under the ADA for retaliation in the public services context does not lie against a private individual in his or her personal capacity:

6  - OPINION AND ORDER

In the context of public services, [§ 12203(c)] simply incorporates the remedies and procedures that would be available under Title II of the ADA in this context.  As noted above, the remedies and procedures available under Title II of the ADA are a lawsuit against either a "public entity," or a "head of department, agency, or unit sued in his official capacity," rather than a lawsuit against an individual in his or her personal capacity.  Thus, if 42 U.S.C. § 12203(c) determines the scope of liability for ADA retaliation claims, then the Court would simply follow the general rule applied in the context of litigation over public services under Title II of the ADA, which does not extend liability to individuals sued in their personal capacities.

The *Shotz* court chose a more complicated route and arrived at the conclusion that the ADA's retaliation provision was intended to go further than the Spending Clause legislation referenced in Title II and could provide an independent basis for imposing liability on persons in their individual capacity.  This choice runs contrary to the reasoning of the majority of other courts that have addressed the issue because it unties the ADA's retaliation provision from the specific remedies and procedures provided elsewhere in the statute.

2005 WL 5840479 *11-*12 (citations omitted); see also Bertolotti v. Prunty, 2010 WL 3743866 *4 (S.D.W.Va. Sept. 21, 2010); Stassart v. Lakeside Joint School Dist., 2009 WL 3188244 *13 (N.D.Cal. Sept. 29, 2009); Brenneise v. San Diego Unified School Dist., 2009 WL 1308757 *8 (S.D.Cal. May 8, 2009); Warren v. Goord, 2006 WL 1582385 *18-*20 (W.D.N.Y. May 26, 2006); McNulty v. Bd. of Educ. Of Calvert Cty., 2004 WL 1554401 *5 (D.Md. July 8, 2004); Key v. Grayson, 163 F.Supp.2d 697, 703-04 (E.D.Mich. 2001); Baird ex rel. Baird v. Rose, 192 F.3d 462, 471-72 (4th Cir. 1999); cf Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1268 (9th Cir. 2009)(declining to take "convoluted analytical path" to conclude

that punitive and compensatory damages are available for ADA retaliation claim in employment context); but see Atlanta Indep. Sch. Syst. v. S.F., 740 F.Supp.2d 1335, 1349-50 (N.D.Ga. 2010); Datto v. Harrison, 664 F.Supp.2d 472, 491 (E.D.Pa. 2009); Alston v. District of Columbia, 561 F.Supp.2d 29, 41 (D.D.C. 2008).

The same reasoning applies to a retaliation claim under the Rehabilitation Act.  N.T. v. Espanola Public Schools, 2005 WL 5840479 *9 & *14.  Similarly, I conclude that there is no cause of action for retaliation against a private individual in his or her individual capacity under the IDEA.  Id. at *9; Koehler v. Juniata County School Dist., 2008 WL 1787632 *7 (M.D.Pa. Apr. 17, 2008); see also C.O. v. Portland Public Schools, 3:05-cv-558, Op. & Order (#76) at 9 (Nov. 7, 2006) (finding "no indication that [the IDEA] provides for a cause of action based on retaliation by one private individual against another").  For these reasons, I adopt Judge Jelderks' recommendation that defendants Cohn-Lee and Hungerford's motion to dismiss be granted.

## II.  LOSD'S Motion to Dismiss.

LOSD filed a motion to dismiss on the basis that the complaint contains "allegations and claims" that are subject to dismissal for failure to exhaust administrative remedies.  Additionally, LOSD moved to stay this proceeding pending resolution of B.K. v. Lake Oswego School Dist., 3:10-cv-469-JE.

///

Relying on <u>Payne v. Peninsula School Dist.</u>, 653 F.3d 863 (9th Cir. 2011), <u>cert. denied</u>, 2012 WL 538336 (Feb. 21, 2012), Judge Jelderks recommended the dismissal of Counts II and III (except as to the retaliation claims predicated upon the issuance of the April 2009 "Prior Written Notice" (PWN)), and Count IV, on the basis that plaintiffs were required to administratively exhaust these claims and failed to do so.[2]  Plaintiffs object to Judge Jelderks' conclusion that Count II required exhaustion, and that plaintiffs failed to exhaust their administrative remedies as to Counts II and III.

In <u>Payne</u>, the Ninth Circuit addressed *en banc* the circumstances under which the IDEA's exhaustion requirement bars non-IDEA federal or state law claims.  The court held that "the IDEA's exhaustion provision applies only in cases where the relief sought by a plaintiff in the pleadings is available under the IDEA."  653 F.3d at 871.  In determining whether exhaustion is required, the litigant's artful pleading does not control.  <u>Id.</u> at 879.  Rather, if a claim arises only as a result of a denial of a free appropriate public education (FAPE), whether under the IDEA or

---

[2] In <u>Payne</u>, the Ninth Circuit held that the exhaustion requirement of the IDEA is not jurisdictional.  653 F.3d at 867-70. Based upon this ruling, LOSD's motion to dismiss is properly treated as an unenumerated 12(b) motion.  <u>Id.</u> at 881; <u>Brown v. Valoff</u>, 422 F.3d 926, 939 n.13 (9th Cir. 2005); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  Accordingly, the court may look beyond the pleadings and decide disputed issues of fact. <u>Id.</u>

the Rehabilitation Act, exhaustion is clearly required no matter how the claim is pled. Id. at 880.

In the instant case, I agree with Judge Jelderks' conclusion that plaintiffs' counts II and III, while pled under the ADA and Rehabilitation Act, arise out of the IDEA administrative review process and ultimately seek compensation for the denial of the procedural protections guaranteed by the IDEA and/or a FAPE. In other words, plaintiffs' requested relief is the functional equivalent of an IDEA remedy. See Payne, 653 F.3d at 875 & 883. Amendment of plaintiffs' complaint would not alter this conclusion because "to the extent that a request for money damages functions as a substitute for relief under the IDEA, a plaintiff cannot escape the exhaustion requirement simply by limiting her prayer for relief to such damages." Id. at 877.

Accordingly, I adopt Judge Jelderks' conclusion that exhaustion was required as to Count II. Similarly, I adopt his conclusion that plaintiffs failed to exhaust their administrative remedies as to Counts II and III, with the exception of the retaliation claims predicated upon the issuance of the April 2009 PWN.

**III. LOSD's Motion to Stay & Plaintiffs' Motion to Consolidate.**

LOSD moved to stay this case pending the outcome of its companion case (B.K. et al. v. Lake Oswego, 3:10-cv-469-JE), in order to simplify and streamline resolution of the issues in this

case.   Plaintiffs opposed the motion, urging Judge Jelderks to consolidate the two actions for purposes of trial.

Judge Jelderks granted LOSD's motion to stay on the ground that the resolution of the issues in <u>B.K. et al. v. Lake Oswego</u>, 3:10-cv-469-JE "would at least simplify, if not determine many of the issues in [this matter], and, most importantly, would provide B.K., the child, with a comprehensive, appropriate, and expedient resolution."   F & R at 24.   Judge Jelderks denied plaintiffs' motion to consolidate for the same reasons.

I conclude that Judge Jelderks soundly exercised his discretion, and affirm his Orders granting LOSD's Motion to Stay and denying Plaintiffs' Motion to Consolidate.   <u>See</u> 28 U.S.C. § 636(b)(1)(A).

<u>**CONCLUSION**</u>

Based on the foregoing, I ADOPT Judge Jelderks' Findings and Recommendation (#37) as MODIFIED above.[3]   Accordingly, LOSD's motion to dismiss Counts II - IV for failure to exhaust (#11-1) is GRANTED as to Count IV, and GRANTED in part and DENIED in part as to Counts II and III.   LOSD's motion to dismiss as time-barred (#11-1) is DENIED to the extent that those allegations relate to plaintiffs' retaliation claims under the ADA and Section 504, but

---

[3] Plaintiffs requested oral argument on their objections to the Findings and Recommendation.   I conclude that oral argument would not benefit the court in resolving this matter.   <u>See</u> Local Rule 7(d)(1).

otherwise GRANTED.   LOSD's motion to strike (#11-2) is DENIED, and
motion to stay (#11-3) is GRANTED.   Defendant Attorneys' motion to
dismiss (#9) is GRANTED.   Plaintiffs' amended motion to consolidate
(#18) is DENIED.

        IT IS SO ORDERED.

        DATED this 12th day of March, 2012.


                                    /s/Malcolm F. Marsh
                                    Malcolm F. Marsh
                                    United States District Judge


12 - OPINION AND ORDER